CHARLES E. NELSON *vs.* ST. PAUL PLOW WORKS.

Submitted on briefs April 13, 1894.   Affirmed April 20, 1894.

No. 8632.

**Verdict justified by the evidence.**
   Evidence *held* to justify the verdict.

**In an action by a servant for personal injury from defective machinery he need not point out the precise defect.**
   In an action by an employé against his employer for injuries caused by the alleged negligence of the latter, in failing to furnish him safe machinery with which to work, it is not essential to a recovery that the employé should

be able to show the precise nature of the defect, if it is made to appear that the accident occurred by reason of some defective condition of the machinery, chargeable to the negligence of the employer.

Appeal by defendant, the St. Paul Plow Works, a corporation, from an order of the District Court of Ramsey County, *John W. Willis*, J., made July 29, 1893, denying its motion for a new trial.

The plaintiff, Charles E. Nelson, was in the employ of defendant working in its machine shop in St. Paul. The trip hammer at which he was temporarily at work was worn and out of order. He quit work for a few days and on his return was told by the foreman that it had been repaired. He went to work with it again and on November 13, 1891, while he was taking an iron from the die the hammer unexpectedly fell without being tripped and caught the first finger of his right hand and so injured it that it had to be amputated. He brought this action to recover damages claiming his injury was caused by the negligence of his employer in furnishing a defective and dangerous machine. Defendant answered denying negligence and charging plaintiff with contributory negligence. At the trial in May, 1893, plaintiff had a verdict for $750. Defendant moved for a new trial. Being denied it appeals.

*Kueffner, Fauntleroy & Searles*, for appellant.

*C. B. Smith* and *C. L. Smith*, for respondent.

MITCHELL, J. We are of opinion that the evidence made a case for the jury, as to both defendant's negligence and plaintiff's contributory negligence.

If the evidence justified the jury—as we think it did—in finding that the "drop" fell because of the defective condition of the machine, and that such defective condition was chargeable to the negligence of the defendant, it was not essential to plaintiff's recovery that he should be able to show what the exact nature of the defect was.

Notwithstanding the fact that plaintiff knew of the previous defective condition of the machine, yet if defendant's foreman assured him (as the jury might have found) that it had been repaired, and was all right, his conduct in then going to work with the machine, if done in reasonable reliance on such assurances, did not amount to either negligence or a voluntary assumption of risks.

And in view of these same assurances, and the further fact that the evidence tended to prove that if the machine had been in good order the drop would not have fallen, except by use of the foot lever, it was for the jury to say whether plaintiff was guilty of negligence in placing his fingers where they would be struck by the drop, in case it should accidentally fall by reason of some defect in the machine. Any further discussion of the facts would serve no good purpose.

Order affirmed.

(Opinion published 58 N. W. 868.)