W. I. ROGERS v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

June 26, 1896.

Nos. 10,044—(210).

**Master and Servant—Action for Injuries—Verdict Sustained.**

Evidence considered, and *held*, that it sustains the verdict, and that the damages awarded by the jury are not so excessive as to justify the conclusion that they were the result of passion or prejudice on the part of the jury.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial. Affirmed.

*Dan. W. Lawler*, for appellant.

*McDonald & Barnard* and *C. D. & Thos. D. O'Brien*, for respondent.

START, C. J. Action for the recovery of damages on account of personal injuries sustained by the plaintiff, as he claims, on November 16, 1893, at Kenyon, in this state, by reason of the alleged negligence of the defendant in failing properly to repair one of its locomotives, upon which the plaintiff was then employed as an engineer.

[1] Reported in 67 N. W. 1003.

The plaintiff had a verdict for $3,000, and from an order denying its motion for a new trial the defendant appealed.

The record presents but two questions for our decision: First. Was the verd:ct just'fied by th? evidence? Second. Are the damages so excessive as to justify the conclusion that they were given under the influence of passion or prejudice?

1. The claim of the defendant is that the evidence conclusively shows that the plaintiff's injuries were not received at Kenyon, on November 16, but on the next day, at Randolph, and that the plaintiff, before the commencement of this action, released all claim for damages on account of such injuries. The trial court instructed the jury that the plaintiff could not recover for any injuries he sustained at Randolph; that the release related to injuries received at the latter place, and did not prevent the plaintiff from recovering for injuries received at Kenyon, if he was injured by the negligence of the defendant. The evidence, if believed by the jury, was ample to sus-tain a finding that the plaintiff was injured at Kenyon, as claimed.

It is further claimed by the defendant that the plaintiff knew of the defect in the locomotive, assumed the risk, and was guilty of contributory negligence in the premises. It is claimed by the plaintiff that at the time and place stated, and while his locomotive was at rest, he went out on top of it, to scrape the sand down into the sand box; and, in so doing, he necessarily stepped upon the railing on the left side of the locomotive, when it broke, by reason of its defective condition, causing him to fall, whereby he received an injury to his left knee. He gave evidence tending to establish this claim; also, that in October, prior to this accident, the locomotive was injured, the rail broken at a point where it passed through a groove, and one end loosened from the cab, and that the flues were leaking. He reported the locomotive for repairs. Repairs were made on it at the defendant's roundhouse, by parties, other than the plaintiff, charged with that duty. He further testified that, when the locomotive was again turned over to him, he was assured that the repairs had all been made; that they appeared to have been made; the end of the rail had been bolted to the cab; and he assumed that the repairs had all been made, and did not know that the break in the rail had not been repaired until after he was injured. The defendant gave evidence tending to show that the plaintiff did not report this

specific defect in the rail; that his injuries were not occasioned by
such defect, or at Kenyon; and, further, that he knew the condition
of the rail when he took the locomotive, after it had been repaired;
and that he assumed the risk of using it.

The trial court submitted the questions of the defendant's negli-
gence and that of the plaintiff, and his assumption of the risk, in a
clear and impartial charge, to which neither party excepted. The
jury found for the plaintiff on these questions, and their verdict was
approved by the trial court. We have given heedful consideration
to the evidence, and our conclusion is that the verdict is sustained by
the evidence.

2. The damages are not so large as to justify the conclusion that
they were given under the influence of passion or prejudice. The
undisputed evidence is that the plaintiff's injury resulted in chronic
inflammation of the knee joint, and that the injury is permanent.

Order affirmed.