JOHN E. KERRIGAN v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 13, 1902.

Nos. 13,025—(110).

### Personal Injury—Negligence—Contributory Negligence.

Plaintiff was in defendant's employ as a fireman, engaged as such on an engine equipped with a certain step,—an appliance placed on the pilot to be used by employees in lighting or adjusting the headlight. The step became out of repair, and plaintiff was injured while using it in the discharge of his duties. *Held*, that the evidence is sufficient to sustain the verdict of the jury to the effect (1) that defendant had notice that the step was defective and unfit for use in ample time to have enabled it to repair the same before the accident to plaintiff; (2) that it was guilty of negligence in failing to do so; and (3) that plaintiff was not guilty of contributory negligence, nor did he assume the risks incident to the use of the step.

### Wisconsin Statute—Dismissal of Action—Action in Minnesota.

R. S. 1898, § 3072, of the state of Wisconsin, provides, among other things, that when an action is removed from the circuit to the supreme court of that state by defendant, and the order or judgment appealed from is reversed, and a new trial granted, the plaintiff shall pay the taxable costs, and proceed with such new trial within one year, in default of which the action may be dismissed. *Held*, that a dismissal of an action under said statute for failure of plaintiff to comply therewith is not a judgment on the merits, and is not a bar to another action in this state based upon the same cause of action.

Appeal by defendant from an order of the district court for Winona county, Snow, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Webber & Lees* and *H. H. Field*, for appellant.

*Tawney, Smith & Tawney* and *Higbee & Bunge*, for respondent.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant. Plaintiff had a verdict in the court below for $8,475, and defendant appeals from

[1] Reported in 90 N. W. 976.

an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial.

Plaintiff was a fireman in defendant's employ for ten years prior to the time of receiving the injuries complained of, and for the three years immediately preceding it worked on engine No. 190, with McLindon as engineer; his run being between La Crosse, Wisconsin, and Austin, Minnesota, a distance of about one hundred ten miles. His train made a round trip on each Monday, Wednesday, and Friday, leaving La Crosse in the morning, arriving at Austin at about twelve o'clock noon, and returning thence at about seven o'clock to La Crosse; arriving at the latter point at about eleven o'clock in the evening. This engine was equipped with the usual headlight on its front end; and on the left side of the engine, on the pilot deck, was a step, placed there for the purpose of being used by employees when lighting or otherwise adjusting the headlight. The step consisted of a disk five and one-half inches in diameter, with a corrugated top, to prevent one slipping when stepping upon it; and this was supported by a vertical shaft thirteen inches long, with a shoulder resting on the deck plate of the pilot. Below the shoulder projected a threaded stem one and seven-eighths inches long, penetrating the plate, which was three-sixteenths of an inch thick. The step was fastened by a nut screwed to the stem below, and against the deck plate. There was no guards or other fastenings to hold the step in an upright position, but, when securely fastened by the method stated, it was safe for all purposes for which it was intended. On February 19, 1897, plaintiff made use of this step, as his train was approaching the station of Grand Meadow, to turn up and adjust the headlight of the engine, and, by reason of the fact that it was defective and out of repair, was thrown to the ground, and seriously and permanently injured. In falling from the pilot his foot in some way got upon the track, was run over by the engine, and severely crushed, necessitating its amputation. He brought this action on the theory and claim that the defective step and its want of proper repair were due solely to the negligence of defendant.

Plaintiff had previously brought an action in the state of Wis-

consin based upon the same cause of action and alleged negligence, and recovered a verdict in the circuit court of La Crosse county, in that state. The cause was removed to the supreme court of that state by appeal, and the verdict of the jury set aside, and a new trial of the action granted. Plaintiff took no further proceedings in the Wisconsin court, and his action was subsequently dismissed for his failure to pay the costs as required by the statutes of that state, after which he brought his action in the district court of this state.

It is contended on the part of defendant that the result of his action in the Wisconsin court precludes plaintiff's right of recovery or the right to maintain the action in this state; that the decision there was upon the merits of the controversy between the parties, and ought to be final. The statutes of the state of Wisconsin (R. S. 1898, § 3072) provide, in effect, so far as here pertinent, that where a cause is removed to the supreme court of that state by defendant, and the order or judgment appealed from is reversed, and a new trial granted, the plaintiff in the action shall pay the costs taxed against him, and apply for such new trial within one year, and if he fails to do so the action may be dismissed. The decision of the supreme court reversed the order appealed from, and granted a new trial of the action, but plaintiff never paid the costs or applied for a new trial; and the circuit court subsequently, upon motion of defendant, entered an order formally dismissing the action.

We are unable to concur with counsel for appellant that the judgment of dismissal, even if considered in connection with what the supreme court said in its opinion on the merits of the case, is a final judgment, barring another action in this state. It is elementary that a judgment not upon the merits, but of mere dismissal, is not a bar to a second action. Black, Judg. 508; Phelps v. Winona & St. Peter R. Co., 37 Minn. 485, 35 N. W. 273. The Wisconsin statute relied upon establishes nothing more than a local practice or procedure, and a judgment of dismissal taken thereunder should not be treated in another state as a final judgment on the merits of the action. In respect to its finality the judgment was of no greater force or effect than one of dismissal as

for failure to prosecute the action,—the same result that follows a failure to file a proper bond for costs, where such is required by statute. Black, Judg. 716, 723. These are elementary principles of the law, and it is clear that the legislature of Wisconsin did not intend their abrogation. The statute is highly penal, and must be strictly construed. Whereatt v. Ellis, 85 Wis. 340, 55 N. W. 407. See on the subject generally Bucher v. Cheshire R. Co., 125 U. S. 555, 8 Sup. Ct. 974; Gabrielson v. Waydell (C. C.) 67 Fed. 342. It follows that the Wisconsin judgment was an ordinary dismissal of the action, leaving the parties precisely as though no action had ever been brought in that state or elsewhere.

It is contended that there is no evidence in the case sufficient to charge defendant with actionable negligence. Our preliminary statement of facts is not as complete as it should be for a full understanding of the various questions presented, it being deemed advisable that they be stated in greater detail in connection with each branch of the case. The negligence of defendant does not seem to us at all doubtful. The evidence is very full and clear on the subject, and, beyond question, amply sufficient to sustain the verdict of the jury.

The accident resulting in plaintiff's injury occurred on February 19, 1897. On the previous trip from La Crosse to Austin, on February 17, the alleged defective step was discovered by the fireman to be out of repair. The nut by which it was held to the deck plate had become worn or loose, so that the step was not tight, and was unsafe for use. By an appropriate rule for the orderly conduct of this branch of its business, defendant made it the duty of engineers to make a careful inspection of their engines after each trip, and to report any defect or defects requiring repairs to the roundhouse foreman,—an employee having charge of that branch of the service. The company maintained extensive shops both at Austin and La Crosse for the purpose of keeping its engines and cars in condition and repair for use, and these places being the end of a trip, within the meaning of the rule as applied to this case, required a report by the engineer as to the condition of his engine at each. It was the duty of plaintiff, as fireman,

to make reports of defects coming to his notice to the engineer; but he was not required to make such reports to any other person,—at least, the evidence is such as to justify the jury in so finding. The attention of the engineer was called to the fact that the step was out of repair, and on the arrival of the train at Austin on the 17th he made proper report of the same to the roundhouse foreman, as required by the rule. The foreman, in turn, directed another employee (one Mayer) to make the proper repairs, which were made by him accordingly. After the repair had been made on that day, the engine started on its return trip to La Crosse, but before reaching that point the step was again found loose and unsafe for use. On the arrival of the train, defendant's foreman at La Crosse was notified of the fact by the engineer; but he failed to have the same properly repaired, because some other employee, whose special duty it was to do that sort of work, was not on duty at that time. The step was fixed temporarily, the foreman in charge of the roundhouse intending to make permanent repairs when the engine should return again from Austin. This was on February 18.

On the trip to Austin the next day, when about twenty miles away, the step was again found by the fireman to be out of repair, and he notified the engineer of the fact. The engineer directed him to remove the step and place it on the tank. The fireman started to comply with the order, but instead of doing so, and removing it, as directed, he took a wrench and tightened the nut holding it in place. He reported what he had done to the engineer, who appears to have acquiesced therein,—at least, he made no objection to it. On arriving at Austin, after the engine had been placed in the roundhouse, Mayer, who had repaired it previously, repaired it again; and it is claimed by defendant that he did so at the instance and request of plaintiff, and that plaintiff assisted in the work. This subject will be referred to again later. Though the engineer had full notice that the step was out of repair before reaching Austin, he failed in his duty to make report of the fact to the roundhouse foreman on his arrival at that place. Plaintiff did not know that the engineer had neglected this duty. He relied upon the performance of the same, and

supposed that he had done so.  The train reached Austin on the 19th at about the usual time,—twelve o'clock noon,—and the repair to the step was made some time between that hour and the departure of the train on the return trip at about 7 o'clock in the evening.  Just before its departure the fireman called the attention of the engineer to the fact that the step had been repaired.  The engineer approached and took hold of it, and remarked that he thought Mayer had got it fixed all right.  Before the train had gone a distance of thirty miles on the return trip, the step again became loose, and plaintiff was injured in using it in adjusting the headlight, as already adverted to.

It was the duty of defendant to furnish plaintiff with reasonably safe and proper instrumentalities and appliances, and to use ordinary care in keeping them in reasonably safe condition for use.  It had done its duty so far as furnishing proper appliances was concerned, but the evidence is ample to justify a finding that it did not exercise ordinary care to keep the appliance in question in reasonably safe condition for use.  The step was a contrivance placed upon the engine to enable employees to reach and adjust the headlight, and was used for that purpose on this occasion. Defendant was informed, through its foreman at Austin, that the step was defective and out of repair on February 17, two days prior to the accident; and it failed to repair or put it in safe condition for use, though an attempt was made to do so.  It again became out of repair on the same day, and it was informed of the fact by notice to its foreman at La Crosse, and it again failed to have the defect remedied.  Temporary repairs were made at this time, the foreman intending to make them permanent later.  It again became out of repair on the 19th on the trip to Austin.  The attention of the engineer, the employee whom defendant had charged with the duty of reporting such defects to other employees, whose duty, in turn, required them to repair the same, was called to the fact; and there was a total failure and neglect on his part to make report as required by the rule of the company.  However, an employee who had previously repaired the same defect attempted to do so again, but he failed to make the step secure.

The duty imposed upon the master to furnish safe instrumentalities to his servants is a continuing one, and includes the further duty to inspect, repair, and keep in safe condition for use. But before he can be charged with negligence in failing to do so, he is entitled to notice, actual or constructive, of the want of repairs, and a reasonable opportunity to make them. The evidence in the record before us shows that defendant had not only notice of the defect in question, and that the appliance furnished plaintiff for use in the performance of his duties was unsafe and unfit for use, but ample opportunity to repair the same, and there was a clear failure on its part to exercise that care and prudence which the law enjoins in such cases. Clearly, the evidence would not warrant us in saying, as a matter of law, that defendant had performed its duty in the premises to plaintiff. The question was for the jury, and their verdict is abundantly supported.

It is strenuously contended that the step was not repaired by an agent or employee of defendant while engaged in the performance of his duties, but, on the contrary, by a servant who was acting without orders or authority from defendant, and at the request of plaintiff, who assisted him in so doing. It is true that defendant cannot be made liable for the result of repairs made by a mere volunteer, or by an employee for his own benefit, or by any other employee, perhaps, when not engaged in the line of his employment. It is also true that if plaintiff, instead of relying, as he had the undoubted right to do, upon defendant to make the repair, voluntarily solicited another employee to do so, and assisted him in making it, defendant would not be liable for the result of their labors. But the evidence on this subject is by no means conclusive against plaintiff. He testified that he relied upon the engineer's doing his duty in reporting the defect on the arrival of the train at Austin; that he supposed he had done so; that he saw Mayer approaching the engine, and assumed that he was on his way to fix the step; that he had some conversation with him on the subject. But he expressly testified that he did not request Mayer to make the repair, nor assist him in making it. He supposed, as Mayer had previously repaired it, that he

had been ordered to do so again. The evidence made this, also, a question for the jury.

It is insisted that plaintiff was guilty of contributory negligence, and that he assumed the risks incident to the use of the step. Plaintiff was injured just as the train stopped at Grand Meadow, some twenty miles out of Austin. A few moments before reaching that station it had been determined between himself and the engineer that the headlight was too dim; that it should be turned up and made to burn brighter; and, as the engine was passing the station building at a very low rate of speed, plaintiff left his cab window, passing along the running board to the front end of the engine for that purpose, and, placing his foot on the step in question, proceeded to readjust the headlight. It is claimed that, having previous knowledge that the step was out of repair, he should have examined it on this occasion before using it, and, further, as the step was a mere convenience, and not necessary to be used,—it being optional with him whether to use that or the steam chest,—he was guilty of contributory negligence precluding a recovery. We are unable to concur with counsel for defendant in this position. The step had been repaired at defendant's shops at Austin by one of defendant's servants, acting, apparently at least, in the line of his duties,—a servant who appears to have done similar jobs of work before, and who had previously repaired the same defect. The engineer had examined it in the presence of plaintiff after the repairs had been made, just before the train started on its return trip to La Crosse, and had pronounced it safe. In view of this condition of affairs, it was not absolutely necessary that plaintiff should, on the occasion in question, make further examination for the purpose of determining whether it was then in safe condition for use. Clearly, whether he was negligent or not was a fair question of fact. The step was placed on the engine as an appliance intended for the very purpose for which plaintiff used it; and defendant is in no position to urge that it was a mere convenience, to be used, or not, at the option of its employees. Placing it upon the engine was an invitation to its servants to use it for the purpose intended; and under no rule of law with

which we are familiar could the servant be charged, as a matter of law, with contributory negligence, by accepting the invitation, unless, of course, he attempted to use it, knowing that it was out of repair and unsafe. So we conclude that the question whether plaintiff was guilty of contributory negligence was, on the evidence, for the jury to determine, and it is sufficient to sustain their verdict. The manner and time of plaintiff's attempt to adjust the headlight are shown to have been in accordance with the usual custom, and therefore not negligent in themselves.

It is a rule of general application that a servant who has equal knowledge with the master of defects in appliances furnished to aid in the performance of the servant's duties cannot shut his eyes to the dangers incident to their use, and be thus absolved from the doctrine of assumption of risk. He assumes such risks as are apparent or obvious to a person of ordinary intelligence, or such as might have been made apparent by ordinary care and prudence. If the servant continues in the master's service with knowledge that appliances furnished him are defective, he cannot recover for injuries resulting therefrom. But in the case at bar plaintiff had the right to rely upon the assurance given by the conduct of defendant's engineer and the workman, Mayer, that the step had been securely fastened. It was for the jury to determine whether he did, in good faith, rely thereon. Nelson v. St. Paul Plow Works, 57 Minn. 43, 58 N. W. 868. Plaintiff was not required to ascertain, before making use of the step after it had been repaired by Mayer, whether the repair had been made under authority and direction of some superior servant having authority in that behalf, or by one while acting in the line of his usual employment. The evidence is sufficient to justify the jury in finding that plaintiff had the right to assume that Mayer was acting in the line of his duties; and, so far as plaintiff's right of action is concerned, defendant cannot avoid liability by showing that Mayer was in fact acting without orders, and beyond the scope of his employment. It was defendant's duty to repair the step, and, the repair having been made, plaintiff had the clear right to act on the assumption that it had been made by defendant, or by

its direction, in the performance of that duty. Rogers v. Chicago Great Western Ry. Co., 65 Minn. 308, 67 N. W. 1003.

It is further contended that plaintiff's disobedience of the orders of the engineer to remove the step from the engine and place it upon the tank was the proximate cause of the accident, and that plaintiff cannot, therefore, recover. The engineer, upon being informed on the day in question, when near Austin, that the step was out of repair, did direct plaintiff to remove it; and plaintiff disobeyed this order, and temporarily tightened the nut holding it in place. The object of the engineer in directing it to be removed was that it should remain off until the engine returned to La Crosse, where defendant's foreman intended to make permanent repairs. This intention on his part was not, however, communicated to plaintiff. Plaintiff did not know the purpose of the engineer in directing the step to be taken off. He supposed it would be repaired on the arrival of the train at Austin. He so testified, and the evidence on these questions was sufficient to take them to the jury. He reported to the engineer the fact that he had not taken the step off, and the latter made no objection, but apparently, at least, acquiesced therein. It must be conceded that, had an accident resulted to plaintiff from using the step before reaching Austin, after having been directed to remove it, he could not have recovered therefor. A servant is bound to obey and follow all reasonable rules and orders of the master, whether given to him directly or through a superior servant, a disobedience of which, if injury result therefrom, will preclude a recovery. His disobedience, if the proximate cause of his injury, charges him conclusively with contributory negligence. Green v. Brainerd & N. R. Co., 85 Minn. 318, 88 N. W. 975. But plaintiff's disobedience of the order to remove the step was not the cause, direct or indirect, of the accident. He was not injured until after the train had arrived at Austin, and another opportunity had been afforded defendant to make suitable repairs. Clearly, the failure to obey the order of the engineer was in no way the cause of the injury to plaintiff, nor did it contribute to it in any degree. Had the engineer communicated to plaintiff the fact that he intended the step to remain off until the return

to La Crosse, then the failure of the fireman to comply with the order would have been of greater force in defendant's favor, and might have defeated plaintiff's right of recovery, though the engineer acquiesced therein; but upon this question we do not express an opinion. The engineer testified that he did so inform plaintiff, but plaintiff denied it, and it was, under the evidence, a question for the jury.

Our conclusions, therefore, are that the evidence was sufficient to sustain a finding of the jury to the effect that defendant was chargeable with actionable negligence in failing to repair the step; that the act of Mayer in repairing it at Austin was within the line of his duties as defendant's servant; that plaintiff did not request him to make the repairs, nor assist him in doing so, nor was plaintiff's failure to obey the engineer's order to remove the step in any degree the cause of the subsequent accident; and that plaintiff was not guilty of contributory negligence, nor did he assume the risks incident to the use of the step. These questions are the principal ones in the case, and the only ones requiring special mention.

Some errors are assigned on the subject of the admission of evidence, and instructions of the court to the jury; but we have examined them all very carefully, and find no errors prejudicial to the rights of defendant. We have also read with care the opinion of the supreme court of the state of Wisconsin in the same case (Kerrigan v. Chicago, 104 Wis. 166, 80 N. W. 586), and find that the facts as they appear in the record before us are materially different than they were before that court. For instance, it appears from the report of the Wisconsin case that it was the duty of the fireman to make report of defects of this kind at the end of each trip, and that he failed and neglected to do so. It does not so appear in the record before us, but it does appear that it was the duty of the engineer to make such reports. And further, there is testimony tending to show that the employees of defendant in charge of its repair department were not authorized or required to act upon reports from any other person than the engineer. For this reason, and others that might be

pointed out, the facts are essentially different in the record before us than they were when the case was before the supreme court of Wisconsin.

The order appealed from is affirmed.