MAX WEXLER v. FREDERICK R. SALISBURY and Another.[1]

January 15, 1904.

Nos. 13,713—(122).

**Assumption of Risk.**

An employee engaged in a hazardous service, whose peculiar risks are known and appreciated by him, if he continues therein without objection or promise of protection from his employer, assumes such hazards, and cannot recover for an injury caused by reason thereof.

**Evidence.**

Evidence considered, and *held* that it conclusively appears that the dangers from hammering iron bed rails in a factory by plaintiff, which caused

[1] Reported in 98 N. W. 95.

particles to fly therefrom and strike his face, were known to him; and, having continued, with full knowledge of such dangers, to work for his employer without objection or a promise to furnish any further means for his protection, he assumed such risks, and is remediless.

Action in the district court for Hennepin county to recover $15,000 for personal injuries. The case was tried before Harrison, J., who, upon the conclusion of the testimony, directed a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Simon Meyers,* for appellant.

*Cohen, Atwater & Shaw,* for respondents.

LOVELY, J.

Action to recover damages for personal injuries suffered by plaintiff while in defendants' employ. At the close of the testimony the court, on defendants' motion, directed a verdict in their favor. Upon a settled case there was a motion for a new trial, which was denied. From this order plaintiff appeals.

The defendants were manufacturers of iron beds. Plaintiff was employed as a factotum in their establishment under the direction of the foreman. He was first set to work in the shipping room of the factory, and several days thereafter was directed to chip rails, which required him to pound on the same with a hammer to remove ragged edges and pieces of iron, which adhered thereto. Under his claim, he was not furnished proper protectors for his eyes, which were in use for that purpose. In performing his duties an infinitesimal piece of iron flew from the portion of the bed rail which he was striking, and entered one of his eyes.

There are several assignments of error based upon the claim that the court erred in orders regarding testimony with reference to the issues upon the furnishing of glasses or goggles for the plaintiff's eyes, which were claimed to be usual in such service; but, under our view of the necessary disposition of this case, we do not consider the rulings of the court material or important in this respect, for, upon the whole evidence, we are required to adopt the conclusion that the dangers of the situation were known to the plaintiff, and assumed by him.

A careful examination of the evidence justifies the following summary: The plaintiff was first employed to do general work, including whatever was required by the foreman, and worked for a short time in the packing room of the defendants' factory. He was then transferred to an occupation that had to be performed in the final preparation of the iron bed rails, and continued therein for parts of three days, amounting in time altogether to seven hours of that service. The business he was engaged in caused pieces from the rails continuously to fly off in large numbers, and the work could not be done without this result, which was obvious and apparent from the start. Small pieces of iron would, and did continually, fly from the rails when the necessary hammering was done, striking his face; and, from the undisputed facts, it is very clear that plaintiff could not but have known and fully understood the liability of pieces of iron to strike his eyes. It would be clearly doing injustice to the conceded ordinary intelligence which he possessed to doubt this; hence the inference is conclusive that he fully understood and appreciated the hazards he was incurring by continuing in service after discovering the risks he was subjected to. It was claimed, under allegations in the complaint, that persons engaged in this work were furnished goggles or eye protectors, in use for such servants; and the evidence does not show that they were furnished by the employer. The foreman had a pair, which he had provided for himself, and soon after the injury to plaintiff they were furnished to all other employees.

The facts as stated are not open to dispute, and it is urged that the danger to the eyes of the laborer that arose from the flying particles in the process of the work was so apparent that the risks were assumed by him. Whatever views may be suggested about the policy which underlies the doctrine of the assumption of risks by servants in hazardous occupations, it has been repeatedly held that where a servant enters another's employment, and is put to work at an occupation which is dangerous by reason of plain and apparent risks, which he appreciates, and continues therein, after knowledge of the hazards incurred, without objection or promise by the employer to furnish protection, he cannot recover damages for injuries arising therefrom. Perras v. A. Booth & Co., 82 Minn. 191, 84 N. W. 739, 85 N. W. 179; Gray v. Commutator Co., 85 Minn. 463, 89 N. W.

322; Blom v. Yellowstone Park Assn., 86 Minn. 237, 90 N. W. 397; Kerrigan v. Chicago, M. & St. P. Ry. Co., 86 Minn. 407, 90 N. W. 976; Peterson v. American Grass Twine Co., 90 Minn. 343, 96 N. W. 913; Spoonick v. Backus-Brooks Co., 89 Minn. 354, 94 N. W. 1079. And with reference to the particular risks from the flying particles of iron, this rule has been applied, and plaintiff held to be remediless, in an earlier case, under such circumstances. Hefferen v. Northern Pac. Ry. Co., 45 Minn. 471, 48 N. W. 1, 526.

Conceding, as claimed by plaintiff, that there were well-known instrumentalities for his protection, whatever the ethical obligation of the employer might be to furnish them, under the law, as now settled, the servant may waive that performance by engaging to do the work without the same. Since it is clear that the risk occasioning the injury was assumed, the objections to evidence which did not relate to any other issues are immaterial, and need not be considered.

Upon our view of the pleadings and material evidence received at the trial, we are compelled to hold that the court properly directed a verdict in favor of defendants.

Order affirmed.