MARY RYAN, Respondent, v. WESTERN PAPER BOX COMPANY, Appellant.

Kansas City Court of Appeals, May 29, 1911.

1. MASTER AND SERVANT: Promise to Repair: Additional Safeguard. A promise to repair, to be binding on the master, must be to repair a defect in the machine. And a promise to the servant to furnish an additional safeguard to an already reasonably safe machine, to make it safer, is not an enforcible promise between master and servant.

2. ——: ——: ——: Defect: Appliances. But though a machine for the manufacture of paper boxes is not defective in itself, but is supplied with applicances called thimbles which are made of steel and worn on the fingers to protect them, and these are too small for the workman set to operate the machine and the foreman promises to supply others, it is a valid promise between master and servant.

3. ——: ——: ——: Inducement to Continue Work. But in order that a promise to repair, or to substitute other appliances, may be invoked by a servant, it must appear that the promise induced him to go on with his work. Where, therefore, a foreman finding that steel thimbles worn on the fingers of one operating a machine, to protect them, were too small, and promised to get others, but did not do so, and the servant continued to work without saying anything about it for two weeks, when he was hurt, in the meantime complaining of other things, it was held, that he had no cause of action.

Appeal from Jackson Circuit Court—*Hon.* *Walter A. Powell,* Judge.

REVERSED.

*Warner, Dean, McLeod & Timmonds* and *H. M. Langworthy* for appellant.

*George Horn* for respondent.

ELLISON, J.—Plaintiff's action is for damages occasioned by injuries which she received while in defendant's employ, caused, as she alleges, by defendant's negligence. She recovered judgment in the circuit court.

Defendant, as its name indicates, was engaged in the manufacture of paper boxes. Plaintiff operated a machine called the "stayer" and she had extended experience in such service. The machine was used to clamp or paste pieces of glued paper, called "stays" on the corner of pasteboard boxes to fasten and hold them together. It consisted of an upper and lower die and was operated by belt and pulley, and it was so arranged that by pressure of a pedal, the upper die would descend against the lower one. When the upper die was lowered against the lower die, the stays or strips of glue paper are automatically fed and pasted on the box corners. If the operator presses the pedal with her foot and releases it immediately, the upper die will be lowered once only, but if she places her foot upon the pedal and holds it there, the head of the machine will continue to descend until the pedal is released. Plaintiff's left forefinger was injured by being caught between these dies.

The charge of negligence left in the case, after rulings made by the trial court, was that defendant failed to furnish "good and reasonably safe and sufficient appliances, tools or thimbles and machinery as defendant, by its foreman and superintendent, promised to do," with which plaintiff might perform her work. The particular appliances, as the evidence disclosed, were thimbles.

It appears that when plaintiff began to work for defendant, it furnished her with some steel thimbles or finger stalls for her forefingers, but they were too small and she did not use them; and that on the second day the foremen noticed it and asked her why she did not use them and she told him they were too small, and that he thereupon said he would get her some larger ones. He did not get her any others and she said nothing more about it, but continued to work until she was hurt, some two weeks afterwards.

Under the authority of Coin v. Lounge Co., 222 Mo. 488, the evidence failed to make a case for plaintiff. In that case, as in this, there was no defect shown in the machine itself. In that case there was complaint that the "band saw" should be provided with a "gate or guard." That is, the complaint was not of a defective appliance in the machine which rendered it unsafe, but that there should be an *additional* appliance provided. There was a promise to provide it. The court, however, held that the promise was not in regard to a duty which the master owed; that a promise to repair, in its relation to master and servant, meant to repair a defect in the machine and not to furnish an additional safeguard to a machine that was not defective.

But counsel distinguish that case from this by the suggestion that here, while the machine proper may not have been defective, the finger stalls furnished by defendant were one of its appliances, and they were defective, and there was a promise to supply others. It is said that this was not a promise to supply new and additional safeguards to an already reasonably safe machine, but as a promise to supply thimbles in place of those which were unsuitable.

Accepting this distinction, there is yet an insurmountable difficulty for plaintiff, which is decided in the Coin case. We quote Judge GANTT's language in that case as precisely fitting the record in this case. He says that: "Giving to the plaintiff's evidence its full import,

it does not appear to us that this promise of the super-intendent to furnish this gate (thimble) at some time was the inducement. to the plaintiff to remain in the service of the defendant. In order to bring his case within the doctrine of a promise to repair, the authorities are quite numerous to the effect that the promise must have been the inducing motive which kept the servant at work and without which he would have quit, otherwise it is not binding. (Holloran v. Iron & Foundry Co., 133 Mo. 470; Yerkes v. Railroad (Wis.), 88 N. W. 33.)"

Plaintiff's testimony, in her own behalf, and that of her physician, is all she introduced, and it not only fails to show that she was induced to remain in the service by the foreman's promise, but it shows she gave no heed to that and continued for two weeks without ever referring to it. Plaintiff was working without complaint as to that and it was only mentioned by the foreman. Plaintiff's complaint, if it can be so termed, was not as to thimbles, but as to other matters which the trial court cut out and which had no reference whatever to the thimbles. The judgment must be reversed. All concur.