# SELMA HEDIN v. NORTHWESTERN KNITTING COMPANY.[1]

November 20, 1914.

Nos. 18,847—(85).

**Injury to servant — defective instrumentality.**

1. In an action for personal injuries, it is *held* that the evidence supports the verdict to the effect that defendant negligently furnished plaintiff a defective instrumentality with which to perform her work, namely, a sewing machine operated by electric power, and that plaintiff was not guilty of contributory negligence.

**Same — assumption of risk.**

2. The assurance of defendant, after making repairs upon the machine, that it was in safe working condition, was sufficient to justify the jury in finding that plaintiff did not assume the risk in operating the same.

**Quaere — effect of statute.**

3. Whether chapter 245, Laws 1913, restricting the right of trial courts to direct verdicts in certain cases, applies to dismissals at the close of plaintiff's case in chief, quaere?

Action in the district court for Hennepin county to recover $15,-200 for personal injury received while in the employ of defendant. The case was tried before Leary, J., who denied defendant's motion to dismiss the action and its motion for a directed verdict, and a jury which returned a verdict for $1,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*P. J. McLaughlin,* for appellant.

*John N. Berg* and *Adolph P. L. Johnson,* for respondent.

[1] Reported in 149 N. W. 541.

Note.—As to the effect upon the servant's assumption of risk of assurance of safety by master or coservant, see notes in 48 L.R.A. 542; 23 L.R.A.(N.S.) 1014, and 30 L.R.A.(N.S.) 453.

127 M.—24.

BROWN, C. J.

Plaintiff was in the employ of defendant, a manufacturer of knit underwear, in its factory at Minneapolis. She entered the service in January, 1913, and was set to work at sewing machine stitching and finishing garments. The sewing machine was of the ordinary type and was run by electric power, the current of electricity being turned on or off by the operator as occasion required. She was inexperienced in this class of work, but soon became familiar with the operation of the machine and did so successfully for six weeks or two months. She was transferred to another machine in March, of the same kind, and doing the same character of work, and though she successfully operated the first machine, she had difficulty with the second because of the fact the needle frequently broke, thus not only preventing the successful and steady operation of the machine, but endangering her personal safety by flying pieces of the broken needles. The rules of defendant required of the employees whenever a machine did not operate properly, or became out of repair, to report the facts to the foreman in charge, and they were not required or expected to make repairs themselves. Plaintiff so reported this machine, and the foreman or machinist made repairs thereon, but failed to remedy the defect. The needles continued to break, and plaintiff made other reports, and further attention was given the machine by the foreman. He removed the machine from the stand to which it was attached and made repairs, readjusted the parts, smoothed off the surface of the plate through which the needle extends in doing its work, and then said to plaintiff that the machine was all right, and to go on with her work. The machine worked properly for awhile and plaintiff experienced no difficulty with broken needles, but in a short time a needle again broke into pieces, one of which struck plaintiff in the thumb, inflicting the injury of which she here complains. The injury was more or less serious. The broken needle penetrated the flesh of the thumb, and was subsequently removed by an operation, but not until plaintiff had suffered considerably; and she was unable to use her hand or arm for some time thereafter. She brought this action to recover for her injuries, charging in her complaint that defendant negligently failed

to provide her with a safe instrumentality with which to do her work; that the sewing machine was defective and out of order to the knowledge of defendant, by reason of which defective condition she was injured. Plaintiff had a verdict and defendant appealed from an order denying its alternative motion for judgment or a new trial.

1. The principal contention of defendant is that the evidence fails wholly to make a case of actionable negligence; that the breaking of the needles was not shown to have been caused by a defect in the machine, or from want of repair, and that the cause thereof was left wholly to speculation and conjecture. In this contention we are unable to concur. It is well settled that negligence may be shown by circumstantial evidence, precisely as any other fact in litigation may be so established. Bruckman v. Chicago, St. P. M. & O. Ry. Co. 110 Minn. 308, 125 N. W. 263. As expressed by Mr. Justice Mitchell in Orth v. St. Paul, M. & M. Ry. Co. 47 Minn. 384, 50 N. W. 363;

"In an action * * * for personal injuries alleged to have been caused by the negligence of defendant, it is not necessary to establish with absolute certainty the connection of cause and effect between the negligent act and the injury. It is sufficient if the evidence furnishes a reasonable basis for satisfying the minds of the jury that the act complained of was the proximate and operating cause."

In this case the evidence is clear, though not pointing out the precise defect which caused, or might have caused, the needles to break, and tends to show that the cause was either a defect in the machine or that in some respect it was out of repair. While it appears that there are various ways by which needles may break when the machine is in operation, as by improper management thereof by the operator, the evidence affirmatively disproves any improper or unskilful operation by plaintiff. She successfully operated the first machine at which she was put to work, had no trouble with breaking needles, and experienced no difficulty whatever until she commenced to work at the one in question. The foreman of defendant was notified of the trouble several times, and he recognized the fact that something was wrong with the machine and he or the machinist re-

paired and attempted to repair and put it in order but without success. From this the jury was fully warranted in concluding that the machine was defective or out of order, and that the injury to plaintiff by the broken needle was caused thereby. The case therefore is not one where the defect causing the injury is left to conjecture and speculation, and the trial court properly submitted the issue to the jury. Nelson v. St. Paul Plow Works, 57 Minn. 43, 58 N. W. 868; Engler v. La Crosse Dredging Co. 105 Minn. 74, 117 N. W. 242; Mitton v. Cargill Elevator Co. 124 Minn. 65, 144 N. W. 434.

2. We discover no error in the instructions of the court or in the refusal of the requests of defendant. The charge taken as a whole sufficiently included the special requests tendered by defendant, and fairly stated the law controlling the case. In this situation the refusal of the special requests, though they correctly stated the law, was not reversible error. The assurance of the foreman that the machine was all right, given after his last effort to put the same in working order, was sufficient to justify the jury in finding that plaintiff did not assume the risk. Nelson v. St. Paul Plow Works, 57 Minn. 43, 58 N. W. 868; Rogers v. Chicago G. W. Ry. Co. 65 Minn. 308, 67 N. W. 1003; Kerrigan v. Chicago, M. & St. P. Ry. Co. 86 Minn. 407, 90 N. W. 976.

3. The other assignments of error do not require special mention. The question whether the trial court erred in holding that, under chapter 245, p. 336, Laws 1913,[1] restricting the right of the court to direct a verdict, the court is without power to dismiss an action at the close of plaintiff's case in chief, is not properly before the court and is not determined. We had supposed that this statute applied to directed verdicts only, and not to dismissals.

Order affirmed.

[1] [G. S. 1913, § 7998.]