## J. B. RICHARDSON v. SOUTHERN SURETY COMPANY.

(Filed 2 November, 1927.)

**Master and Servant—Employer and Employee—Negligence—Evidence—Nonsuit.**

> Where there was evidence that the plaintiff was employed to load rock in a field for the construction of a highway, requiring the bursting of a rock with a sledge hammer when too large for loading, and that the injury in suit was caused by a particle of stone flying into his eye from the stroke of the hammer upon the rock, it is insufficient evidence of the employer's negligence that he failed to furnish the plaintiff with goggles to have protected his eye, nothing else appearing.

APPEAL by plaintiff from *Finley, J.,* at April Term, 1927, of ASHE. Affirmed.

Action to recover damages for personal injuries sustained by plaintiff while at work as an employee of defendant.

From judgment dismissing the action as upon nonsuit, at the close of the evidence, plaintiff appealed to the Supreme Court.

*T. C. Bowie and C. W. Higgins for plaintiff.*
*Ruark & Fletcher and C. H. Gover for defendant.*

PER CURIAM. Plaintiff, an employee of defendant, was engaged in loading rock, in a field, to be hauled to and used in the construction of a highway. Some of the rocks were too large to be loaded. Plaintiff was instructed by his foreman to burst these large rocks with a sledge hammer furnished him for that purpose. While bursting a large rock with this hammer, a piece of the rock flew up and hit him in the eye, injuring it.

Plaintiff alleged that defendant failed to furnish him with goggles or wire screens, to be used while bursting the rocks, for the protection of his eyes, and that such failure was negligence, causing his injury. Upon the facts of this case it cannot be held that it was the duty of defendant to furnish such goggles or wire-screens to plaintiff for his protection while engaged in the work for which he was employed. Plaintiff's injury, upon all the evidence, was due to an accident, and was not caused by any negligence of defendant. The judgment dismissing the action is sustained by *Whitt v. Rand,* 187 N. C., 805, and by *Fore v. Geary,* 191 N. C., 90. The judgment is

Affirmed.