## JOHNSON v. WICHITA VALLEY RY. CO.
### No. 4696.

Court of Civil Appeals of Texas. Amarillo.
Jan. 25, 1937.

C. C. McDonald, of Wichita Falls, H. A. C. Brummett, of Dickens, and V. J. Campbell, of Spur, for appellant.

Chapman & Ratlif, of Spur, and Luther Hudson and Thompson & Barwise, all of Fort Worth, for appellee.

MARTIN, Justice

A peremptory instruction was given below, and judgment for appellee entered thereon.

The only question we deem necessary to mention and discuss is the contention of appellant that the evidence raised an issue of the negligence of appellee in the respect hereafter stated which should have been appropriately submitted to the jury.

In 1932 appellant was employed as a section foreman by appellee. He had then been engaged in such work for over thirty years. It was part of his duties to keep appellee's railroad tracks in repair, and safe for the operation of trains. An inspection of same, the day of the accident, revealed the tracks were out of gauge, or slightly spread. It became necessary for appellant to take out a cross-tie or ties and level same with an adz in order to correct such defect. These ties were of wood. In performing this task, a chip or "sliver" from the tie flew up and injured one eye of appellant so seriously that he afterwards lost the sight of same.

Stripped of all embellishment and unnecessary verbiage, the precise act of negligence relied on for recovery by appellant was the failure of appellee to furnish him with "unbreakable goggles or glasses with which to perform his work."

The question presented for decision is neither novel nor complicated. It was rather exhaustively discussed in the recent case of Schaum v. Southwestern Bell Telephone Co., 336 Mo. 228, 78 S.W.(2d) 439, 443. The reasoning of that case applies here. We feel unable to improve on it and here repeat its applicable portions:

"The charge is that ordering respondent to work in the manhole without providing him goggles was negligence. That could only be negligence if it violated the standard of ordinary care. It could only violate the standard of ordinary care if the usage of average reasonable and prudent employers, in doing the same kind of work under similar circumstances, was to provide goggles, unless it was work so inherently dangerous that injury would be reasonably anticipated as the result of working without them. * * *

"The duty of an employer to provide protective devices is usually confined to hazardous occupations and does not ordinarily apply to simple manual work with simple tools. As the work becomes more complicated and dangerous, the employer's obligations increase. The employer's duty is to take additional precautions commensurate with increased risks. 39 C. J. 452, § 567; 18 R.C.L. 573, § 80. Many cases, in which the danger from flying chips or splinters would seem from the evidence to have been greater than in the work respondent was doing in this case, have held that there was no legal duty upon the employer to furnish goggles. Harbacek v. Fulton Iron Works Co., 287 Mo. 479, 229 S.W. 803; Wulfert v. Murch Bros. Const. Co. (Mo.App.) 232 S.W. 243; Morris v. Wagner Electric Mfg. Co. (Mo.App.) 243 S.W. 424; Kolbow v. Haynes-Landenberg Mfg. Co., 318 Mo. 1243, 3 S.W.(2d) 226; Wexler v. Salisbury, 91 Minn. 308, 98 N.W. 95; Emerson-Brantingham Co. v. Growe, 191 Ind. 564, 133 N.E. 919; Bilicki v. Staten Island Shipbuilding Co., 147 App.Div. 687, 132 N.Y.S. 564;

Richardson v. Southern Surety Co., 194 N. C. 469, 139 S.E. 839; St. Louis Southwestern R. Co. v. Weatherly (Tex.Civ.App.) 2 S.W.(2d) 555. Saying that there is no legal duty to provide goggles means that it is reasonably safe to conduct the work without them; or in other words, safe according to the usages and habits of average reasonable and prudent employers, because there is neither evidence that they use them in such work under similar circumstances, nor that the work was so inherently dangerous that we can say, without evidence of such usage, that injury would be reasonably anticipated as a result of working without them. * * *

"What difference does the request of respondent for goggles and the assurance of safety in working without them make? Or the promise to get a pair, for that matter, although respondent did not plead it and did not submit the question of a promise or whether there his employer had a reasonable time to fulfill it? If there was no negligence in failing to furnish them in the first place, because it was reasonably safe to conduct the work without them, how could an assurance that it was reasonably safe to work without them be a basis of liability? In cases like Ingram v. Prairie Block Coal Co., 319 Mo. 644, 5 S.W.(2d) 413, relied upon by respondent, the place into which the employee was directed to go was not reasonably safe. This court has taken the position, which is well sustained by authority, that if an appliance, a place of work, or a method of conducting the work is reasonably safe, no liability for damages for negligence can be created by a promise to furnish something which will make it safer. Coin v. John H. Talge Lounge Co., 222 Mo. 488, 121 S.W. 1, 25 L.R.A.(N.S.) 1179, 17 Ann.Cas. 888; see, also, Ryan v. Western Paper Box Co., 156 Mo.App. 693, 137 S.W. 1008; Lutgen v. Missouri Pacific R. Co. (Mo.App.) 294 S. W. 444; 25 L.R.A.(N.S.) 1180, note; 4 Labatt's Master & Servant, 3868, § 1347, and authorities cited, note 6."

Here the appellant claims he made a requisition for goggles, which were never furnished. The evidence does not support the inference that he ever reported the work of adzing wood ties as dangerous or made any requisition for goggles to protect him in such work. In fact, the evidence conclusively shows such work not to be extrahazardous or dangerous. He had done similar work for many years. He never used goggles before and knew of no employer who furnished same for such work. He worked these ties with a simple tool, shown to be in good repair, and the nature of which he was as well or better acquainted with than his employer. An official of the road had voluntarily offered to furnish goggles upon a proper requisition, but this is conclusively shown to have been a voluntary act on his part and not in response to any request or complaint of appellant. It is a fair inference that such offer was referable to work with steel—not wood. Nobody claims, or could reasonably claim, that adzing or chopping wood is inherently dangerous or extrahazardous. A rule of law must apply equally to all persons in like or similar situations. Who would think a farmer negligent for failing to provide his negro hired hand with unbreakable goggles when he sent him out to chop wood? "The master is not an insurer of the servant's safety in the use of tools * * * employed in his business." 39 C.J. 313. Cases cited by appellee, which apparently sustain the view that no negligence was shown in this case, are the following: Stapleton v. Reading Co. (C.C.A.3rd) 26 F. (2d) 242; Richardson v. Southern Surety Co., 194 N.C. 469, 139 S.E. 839; Dullnig v. Duerler Mfg. Co. (Tex.Sup.) 87 S.W. 332; Texas & P. R. Co. v. Perkins (Tex. Com.App.) 48 S.W.(2d) 249; St. Louis Southwestern R. Co. v. Weatherly (Tex.Civ. App.) 2 S.W.(2d) 555; Texas & P. R. Co. v. Jones (Tex.Civ.App. writ ref.) 198 S.W. 598; San Antonio & A. P. R. Co. v. Biggs (Tex.Civ.App. writ dis.) 283 S.W. 627; Galveston, H. & S. A. R. Co. v. Landeros (Tex.Civ.App.) 264 S.W. 524.

The action of the trial court was in our opinion correct.

Judgment affirmed.