## JOHNSON v. PULLIAM.

### No. 14364.

Court of Civil Appeals of Texas. Fort Worth.

April 10, 1942.

Rehearing Denied May 8, 1942.

Todd, Crowley & Gambill, of Fort Worth, for appellant.

Clark, Craik, Burns & Weddell and J. Harold Craik, all of Fort Worth, for appellee.

BROWN, Justice.

Appellee Pulliam brought suit against appellant Johnson for the loss of an eye and other bodily injuries, alleged to have been sustained while an employee—a day laborer—working in appellant's grain elevator and spraying the grain bins with a solution of strong lye water; the allegations being that the nozzle, which Pulliam was holding, "came apart and separated from the hose attached to the said pressure spraying machine, and said concentrated solution of lye water was thereby thrown with great force and violence into plaintiff's face, and particularly into his left eye, as a result of which he lost the sight of his left eye, etc."

The grounds of negligence are set out as follows: (1) Failing to provide plaintiff with a safe appliance, (2) failing to inspect the machine to determine its fitness for use, (3) operating the machine under greater pressure than it would safely bear, (4) failing to warn plaintiff of the defective condition of the machine, (5) failing to warn plaintiff that the machine was being used under greater pressure than the same would safely bear, and (6) "In failing to provide the plaintiff with goggles for the purpose of keeping said concentrated solution of lye water from reaching his eye."

The plaintiff alleged that the defendant employed a number of servants making him eligible for workman's compensation insurance, but that he carried none. This allegation was made to avoid all pleading on the part of the defendant of contributory negligence and assumed risk on the part of Pulliam.

This cause being tried to a jury, answers were made to special issues, in substance, as follows: (1) Defendant did not fail to provide plaintiff with a safe spraying appliance; (2) and (3) not answered because of the answer to (1); (4) that prior to the time the machine was used defendant directed plaintiff to use it; there are no issues (5) and (6); (7) that defendant's

employee in charge of pumping air into the machine did not operate it under greater pressure than it would safely bear; (8) and (9) not answered because of answer to 7; There are no issues (10), (11), and (12); (13) "Do you find from a preponderance of the evidence that the defendant, C. G. Johnson, failed to provide the plaintiff, H. A. Pulliam, with goggles for the purpose of keeping the spraying solution from reaching his eyes?" the answer is "Yes"; and to (14) that this was negligence; and to (15) a proximate cause of plaintiff's injuries; (16) that defendant had more than two employees working for him in connection with his mill and elevator business at the time plaintiff was injured; (17) that plaintiff received personal injuries at the time; (18) his damages were set at $2,300; (19) plaintiff's failure to inspect the machine was negligence; but (20) was not a proximate cause of his injuries; (20a) not answered; (21) plaintiff's failure to test the machine before using it was negligence; but (22) same was not a proximate cause of his injuries; (22a) not answered; (23) Pulliam did not know that the machine was being used under greater pressure than it would safely bear; (24), (25) and (25a) not answered; (26) that Pulliam failed to warn his fellow employee to keep the machine at a safe pressure; (27) such failure was negligence; but (28) was not a proximate cause of plaintiff's injuries; (28a) not answered; (29) the failure of Pulliam to wear goggles to protect his eyes was not negligence; (30) and (30a) not answered; (31) that an injury to Pulliam's left eye, sustained approximately 30 years ago, was not the sole cause of his loss of sight; (32) the injury received was not the result of an unavoidable accident; (33) that Pulliam failed to warn his fellow worker to keep the pressure in the machine at a proper level; (34) this was negligence; but (35) not a proximate cause of plaintiff's injuries; (36) not answered; (37) that Pulliam failed to warn his fellow employee to reduce the pressure in the machine; (38) this was not negligence; (39) and (40) not answered; (41) that Pulliam was not holding the hose and nozzle in such a position as that it pointed toward his eyes; (42), (43) and (44) not answered.

Defendant requested a peremptory instruction in his favor, and after the verdict was received, moved for judgment notwithstanding the verdict, and also moved that the trial court "strike out, ignore and treat as surplusage Special Issues 13, 14 and 15 and the findings thereon".

The trial court overruled all of defendant's contentions and rendered judgment for the plaintiff; hence the appeal.

While there are some thirteen points brought forward, we are of opinion that it is necessary to discuss only the questions that arise under the findings made by the jury to Issues 13, 14 and 15, as these form the only basis for a recovery by plaintiff.

It will be observed that the jury found that defendant was negligent in not furnishing the plaintiff with goggles to wear while using the sprayer, and found for the defendant as to all other alleged acts of negligence.

There is neither pleading nor proof that goggles were customarily furnished and used, nor is there any pleading or proof that goggles were necessary in order to protect the person using the sprayer. There is no pleading nor proof that the plaintiff requested goggles and that the defendant declined to furnish same and directed the plaintiff to work without them.

We have searched the record and the evidence on the matter of furnishing goggles is found in the following question and answer: "Q. State whether or not you were furnished with goggles or anything to protect your eyes. A. No, sir, I never was."

In this state of the record, we find neither allegation nor proof calculated to establish any duty upon the defendant to furnish the plaintiff with goggles to protect his eyes while using the sprayer.

If no duty is shown to exist, there could be no failure to discharge such duty and, consequently, no negligence on the part of the employer.

In the instant suit, the employer furnished the servant with a reasonably safe appliance with which to work; the jury so found.

In the case of Johnson v. Wichita Valley R. Co., Tex.Civ.App., 104 S.W.2d 128, the late Mr. Justice Martin, whose distinguished service as a jurist reached a climax as Commissioner in aid of our Supreme Court, discussed a situation practically identical with that before us, and he cited and copied from the opinion in the case of Schaum v. Southwestern Bell Telephone Co., 336 Mo. 228, 78 S.W.2d 439,

wherein many authorities decisive of the principle involved were collated.

We are of opinion that the motion requiring a judgment for the defendant, after the verdict was returned, was well taken.

Accordingly, the judgment of the trial court is reversed and judgment here rendered for appellant.