NELS ANDERSON *vs.* H. C. AKELEY LUMBER COMPANY.

August 24, 1891.

**Master and Servant—Defective Machinery—Assumption of Risk.—**
The plaintiff was operating a planing-machine, to which the power was
applied by a large belt, the motion of which was very rapid. He was
familiar with such machinery. He knew, as the evidence is deemed to
show, that the fastening of the belt had become insecure, so that it was
liable to break apart, and called the foreman's attention to it; but the
latter declined to repair it, and told the plaintiff to go on with the use of
the machine. *Held*, that the plaintiff must be deemed to have known
the risk, and to have assumed it.

Appeal by defendant from an order of the district court for Hen-
nepin county, *Smith*, J., presiding, refusing a new trial after verdict
of $2,000 for plaintiff in an action for a personal injury.

*Ripley, Brennan & Booth*, for appellant.

*Steele & Rees*, for respondent.

DICKINSON, J. While the plaintiff was engaged as a servant of the
defendant in operating a planing-machine in its mill, a large leather
belt, by which the machine was driven, parted at the place where the
ends of the leather strip were united to form the belt, and struck the
plaintiff's elbow, causing an injury for which this action is prosecuted.
The defendant is charged with liability for negligence in respect to
the fastening of the belt above referred to, the alleged fault being not
in the method employed, but that the fastening had been allowed to
become and to remain insecure. We have come to the conclusion
that the case did not justify a recovery, for the reason that it is ap-
parent that the plaintiff knew and assumed whatever risk there may
have been from the defect complained of. A brief statement of the
case will show the reason for this conclusion.

One Godfrey was the defendant's foreman in this department of
the mill, whose duty it was to personally repair defects of the nature
of that complained of, when necessary. His duties and relations
were such that it was ruled by the trial court, and, as we are inclined
to think, correctly ruled, that he stood in the place of the principal,

as to the matter here in question, so that negligence on his part would be deemed to be the negligence of the defendant. Without further statement or comment upon that point, we assume this to be the proper principle applicable to that feature of the case. This belt was about four inches wide. The fastening referred to consisted of five brass hooks. The belt was at the side of the machine, fully exposed to view. It ran over a large pulley at one end of the machine, and over a small pulley, four or five inches in diameter, at the other. The motion of the belt was very rapid,—about 30 miles an hour. The plaintiff was of the age of 24 years. He had been at work with such machines about a year and a half, and for a year before the accident he had been in charge of and personally operating one of them, handling the lumber as it was run into the machine, oiling it, setting it in motion, and stopping it, as occasion might require.

On the day of the accident, according to the testimony of the plaintiff, as he was about to start his machine in the morning, he observed that one of the hooks or fastenings in the belt was gone. On cross-examination he said that one or two of the hooks were out, and that "the belt was near gone," and that he so stated to the foreman, whose attention he called to the subject. He informed the foreman of this, because, as he says, he "thought there was something wrong." He testifies that when he reported the matter to the foreman, and told him he thought the belt would have to be fixed, the foreman examined it, and then said: "That belt is all right; you go ahead." The plaintiff set the machine in motion, and used it about half an hour, when he stopped it to get a new supply of lumber. He looked at the belt then, and it seemed to be as it had been before. He again started the machine, and after it had run a few minutes the belt broke apart, with the result before stated.

There were five such machines in the same room, where the plaintiff had been long at work. The evidence shows that the breaking apart of such belts is a frequent occurrence, and cannot be avoided. The plaintiff, however, says that he never saw one of these belts break before, "because every time the machine was stopped a man had a chance to see it before it started." He did know of other belts breaking under the machine.

v. 47 M.—9

In our judgment, the following conclusions must be accepted as being perfectly apparent from the evidence: In view of his age and his experience in operating such machines, he must be presumed to have had at least ordinary knowledge and judgment as to the conditions to which we have referred. He is to be deemed to have known that this belt was being driven with great velocity; that by it the power was applied for the operating of this machine; that the belt might be expected to break apart unless its fastenings were secure; and that, if it should break while in such rapid motion, it might reasonably be expected to strike any object in the immediate vicinity with considerable violence. Not only may it be said that he should be presumed to have known that, unless the fastenings were kept secure, the belt was liable to break apart, but it is apparent from his own testimony that he did know this, and that he knew that this fastening had become insecure. His testimony that the belt was "near gone," and that he so told the foreman, if true, can have no other meaning. No reason can be suggested for his reporting the fact to the foreman than that he thought that the belt was liable to break apart. It is therefore to be concluded that he assumed the risk, which was as apparent to him as it could be to any one. It does not appear that any necessity rested upon him to proceed with the use of the machine with the belt in that condition, or that he was unwilling to take the hazard of doing so. It may be inferred that the foreman would not repair it at that time; but it is not shown that the plaintiff might not have done so himself in a few moment's time, although it was not within the general scope of his duty to repair belts in the mill.

Order reversed.

NOTE. A motion for a reargument of this case was denied October 7, 1891.