Dwyer vs. The American Express Co.

DWYER, Respondent, vs. THE AMERICAN EXPRESS COMPANY, Appellant.

*May 3 — May 24, 1892.*

*Master and servant: Liability for injury to servant caused by negligence of vice principal.*

Where the master was not guilty of any negligence or breach of duty in the employment of his servants, his liability for an injury to one servant caused by the negligence of another engaged in the same business depends upon the nature of the act in the performance of which the injury was inflicted, without regard to the rank of the negligent servant. And the master is not liable, in such case, unless the negligent act pertained to a matter in respect to which he owed a direct duty to the servant injured.

APPEAL from the Circuit Court for *Winnebago* County.

Ten years ago the plaintiff brought an action against the defendant, the *American Express Company*, to recover damages for personal injuries which he claimed to have received in 1881, because of the negligence of one Colvin, who was alleged to be the agent and manager of the defendant's office at Oshkosh. The complaint alleged that plaintiff was employed by the express company to go with wagon loads of goods to and from the defendant's office and the railway depots in Oshkosh, and to load and unload

Dwyer vs. The American Express Co.

such goods; that on a certain day Colvin drove one of defendant's teams, which was hauling a load of goods for the express company, so negligently that the plaintiff, who in the course of his employment was riding on the load, was injured. That case came to this court on an appeal from an order sustaining a general demurrer to the complaint. Such order was affirmed. 55 Wis. 453.

This action was brought in 1886 to recover damages for the same injuries. The complaint herein differs from the complaint in the former action only in that it is now alleged that Colvin had all the authority of the express company at Oshkosh,— that is to say, he was defendant's vice principal there,— and that it was not his duty to drive the team which he was driving when the plaintiff was injured, "but that it was the duty of, and said work was performed by, servants employed by the defendant for that purpose." The present appeal is by the defendant from an order overruling a general demurrer to the complaint.

For the appellant there was a brief by *Miller, Noyes & Miller,* and oral argument by *B. K. Miller, Jr.* To the point that the liability of the master in a case like this depends upon the character of the act in the performance of which the injury arises, without regard to the rank of the employee performing it, they cited 7 Am. & Eng. Ency. of Law, 834, and cased cited; *Crispin v. Babbitt,* 81 N. Y. 520, 521; *Flike v. B. & A. R. Co.* 53 id. 549; *Smith v. C., M. & St. P. R. Co.* 42 Wis. 520; *Johnson v. Ashland Water Co.* 71 id. 553; *Peschel v. C., M. & St. P. R. Co.* 62 id. 354; *McCosker v. L. I. R. Co.* 84 N. Y. 77; *Brick v. R., N. Y. & P. R. Co.* 98 id. 211; *Quinn v. N. J. L. Co.* 23 Fed. Rep. 363; *Hoke v. St. L., K. & N. R. Co.* 11 Mo. App. 574. In the case at bar the complaint shows that the act done by Colvin was the act of an ordinary servant, and if the alleged negligence had been that of another man, hired by the defendant, there would be, in the absence of

an allegation as to his general incompetency, not a question as to the non-liability of the defendant. *Bartonshill Coal Co. v. Reid,* 3 Macq. (App. Cas.), 266.

*John Harrington* and *W. W. Quartermass,* for the respondent, to the point that the master is liable for the negligence of his vice principal when acting within the scope of his delegated powers or duties, even though the vice principal is, for the time being, performing the usual duties of a co-employee, cited *Ashworth v. Stanwix,* 3 Ellis & Ellis, 701; *Slater v. Chapman,* 67 Mich. 523; *Rodman v. M. C. R. Co.* 59 id. 395; *Chicago & N. W. R. Co. v. Bayfield,* 37 id. 205, 213; *Taylor v. E. & T. H. R. Co.* 121 Ind. 124; *Berea Stone Co. v. Kraft,* 31 Ohio St. 287; *Dayharsh v. H. & St. J. R. Co.* 103 Mo. 570; *Gormley v. Vulcan Iron Works,* 61 id. 492, 495; *Louisville & N. R. Co. v. Collins,* 2 Duvall (Ky.), 114; *Lalor v. C., B. & Q. R. Co.* 52 Ill. 401; *Ross v. C., M. & St. P. R. Co.* 112 U. S. 377; *Hardy v. M. & St. L. R. Co.* 36 Fed. Rep. 657; Wood, Master & S. sec. 442; Shearm. & Redf. Neg. (4th ed.), secs. 226 *et seq.; Taylor v. E. & T. H. R. Co.* 121 Ind. 124; *Hoke v. St. L., K. & N. R. Co.* 88 Mo. 360, reversing *S. C.* 11 Mo. App. 574.

Lyon, C. J.   The complaint contains no averment that Colvin was an incompetent person to drive the team in question, or that there was any defect in the teams, wagons, or appliances for making shipments of goods.  It is alleged in the complaint that the driving of the team was a duty of servants employed by the express company, and it is conceded that, were Colvin an ordinary hired servant of the company, the complaint would be defective in that it fails to charge the company with any negligence or breach of duty to plaintiff in employing him.  So we have for determination the single question whether the mere fact that Colvin was the vice principal of the express company in the

Dwyer vs. The American Express Co.

transaction of its general business at Oshkosh makes the company liable for his negligent driving of the team, when, were he not such vice principal, the company would not be thus liable, as was ruled on the appeal in the former action.

This question has been determined both ways. The courts of some states hold that, if an employer put one servant under the control of another, such servants are not fellow-servants, and the master is liable if the subordinate servant is injured by the negligence of the other, without regard to the nature of the work or business in which they were engaged at the time. The circuit court applied this rule when it overruled the demurrer to the complaint.

Other courts adhere to the doctrine that whether the relation of co-employee or fellow-servant exists between different employees engaged in the same business for the same employer is not to be determined by the rank or grade of either servant, but by the character of the act being performed by them. "If it is an act that the law implies a contract duty on the part of the employer to perform, then the offending employee is not a servant, but an agent, but as to all other acts they are fellow-servants." 7 Am. & Eng. Ency. of Law, 834, and cases cited.

This court is unmistakably committed to the latter rule, to wit, that the liability of the master depends upon the nature of the act in the performance of which the injury is inflicted, without regard to the rank of the offending employee. In *Brabbits v. C. & N. W. R. Co.* 38 Wis. 289, the company was held liable to an employee for injuries caused by the use of an engine out of repair which it was the duty of the foreman of defendant's shops to repair, but which he negligently omitted to do. It was not determined that the foreman was a vice principal, but the company was held liable on the express ground that it owed a duty to plaintiff to repair the engine within a reasonable time after it became defective, and hence that it was liable

for the negligent failure of any of its servants or employees to whom that duty was intrusted to repair the defective engine, without regard to the rank or subordination of the negligent servant.

In *Howland v. M., L. S. & W. R. Co.* 54 Wis. 226, the plaintiff was employed as a shoveler to aid in removing snow from the railway track. He was in a car drawn by an engine, and the work of clearing the track was in charge of a conductor, to whose orders the plaintiff was subject. At a certain point the conductor directed plaintiff to remain in the car and, as it was alleged, negligently attempted to run the engine and car through a snowdrift on the track. In so doing the car was overturned and the plaintiff injured. It was held that the conductor and plaintiff were fellow-servants in the common business of clearing the track, and that the railway company was not liable for the negligence of the conductor.

The above cases fairly illustrate the doctrine of this court on the subject under consideration. In the *Brabbits Case* the company was held, on the principle that it is liable to one of its servants for the negligence of another in respect to any duty intrusted to the latter to perform, which at the same time is a duty the company owes to the injured servant, no matter how humble or subordinate the employment of the offending servant may be. The real effect of the rule is to make any servant of the company who is charged with the performance of any duty which the company owes its servants a vice principal in respect to such duty. The case of *Schultz v. C., M. & St. P. R. Co.* 48 Wis. 375, affords an apt illustration of an application of this rule.

In the *Howland Case* the company was held not liable for the negligence of the conductor, who for many purposes is held to stand for the company, and who had control of the plaintiff, because the alleged negligent act did not pertain to a matter in respect to which the company

owed a direct duty to plaintiff. For that reason the conductor and his subordinate employee — the plaintiff — were held to be fellow-servants engaged in a common undertaking, and the company was held not liable for the negligence of the former which resulted in injury to the latter. The same doctrine is adhered to in *Toner v. C., M. & St. P. R. Co.* 69 Wis. 188, and in numerous other cases in this court, some of which are cited in the opinion in the *Toner Case.* Whatever may be thought of the reason or justice of the rule, it is now too deeply imbedded in our jurisprudence to be repudiated or shaken by judicial determination. If any change of the rule is desirable, it should be made by the legislature — not by the courts.

The question here under consideration was not reached on the appeal in the first action for the alleged injury, and there is no significance in the circumstance that the court there gave no opinion upon it, but expressly declined to do so. In this case there is no direct averment in the complaint that the express company was negligent, or that Colvin was incompetent to drive the team, or that the company failed in any duty it owed plaintiff. It simply alleges facts which show that Colvin chose to drive the team, as he had undoubted authority to do, instead of allowing plaintiff or some other employee of the company to drive it, and that he drove it so negligently that the plaintiff was thereby injured. Under the above rule, these averments show that Colvin and plaintiff were fellow-servants in the particular business in which they were engaged, and hence that the company is not liable for the negligence of Colvin.

It results from the foregoing views that the complaint fails to state a cause of action against the express company, and that the demurrer thereto should have been sustained.

*By the Court.*— The order overruling the demurrer to the complaint is reversed, and the circuit court directed to sustain such demurrer.