Stutz vs. Armour and others.

---

Stutz, Appellant, vs. Armour and others, Respondents.

*March 23 — April 11, 1893.*

*Master and servant: Injury to employee: Fellow-servant: Foreman.*

A foreman, while engaged with another workman in adjusting the planks on a scaffold, was a mere fellow-servant of the other, and their employer is not liable for an injury to the latter caused by negligence or an improper direction of the foreman, where such direction was one appropriate for one fellow-servant to give another.

| | |
|---|---|
| 84 | 623 |
| 91 | 379 |
| 84 | 623 |
| 93 | 425 |
| 84 | 623 |
| 110 | 601 |
| 54 LRA 115n | |
| 54 LRA 144n | |
| 54 LRA 148n | |
| 84 | 623 |
| 111 | 449 |
| 84 | 623 |
| 54 LRA 115n | |
| 54 LRA 144n | |
| 54 LRA 148n | |

APPEAL from the Circuit Court for *Waukesha* County.

This is an action for the recovery of damages for personal injuries received by the plaintiff while in the employ of the defendants from a fall from a scaffold on the side of defendants' ice-house, and caused by the negligence and improper direction of the defendants' foreman, Meinski, under whose direction and with whom the plaintiff was working. The evidence was to the effect that the plaintiff and said foreman were at the time in question engaged in fixing a scaffolding about twenty-two feet high on the south side of defendants' ice-house, and in arranging and adjusting some planks already placed on it, three in number, about sixteen feet long, lying in a pile one above the other, and the space between the brackets upon which they rested was about twelve feet,— the foreman desiring to move the lower plank so that it would project an equal distance over the bracket at each end of it. The foreman who was working with the plaintiff tipped the two upper planks over on their edges, so as to permit the lower one to be moved, and directed the plaintiff to move it. to the east. When plaintiff attempted to so move the plank he was standing upon a wooden brace and iron rod towards the east end of the plank, and astride of it, looking eastward, and the foreman stood to his right and partially behind him, and so he could look to the westward, and when the foreman raised the two upper planks so as to enable the lower one to be moved, the plaintiff drew it along a short distance and stopped, when the foreman told him to move it a little further. He could not, from his position, see the west end of the plank, or how far it projected over the bracket, and he obeyed, moving the plank a short distance further (not more than an inch, as he testified), when the west end of the plank fell from the bracket on which it had rested to the ground, throwing the east end up, causing the plaintiff, who was astride of it, to fall from the

scaffold to the ground, by which his collar bone was broken, and he sustained other injuries. The plaintiff testified that he and the hands at the ice-house had to obey the foreman or be discharged, and that the latter employed hands for the defendants and discharged them as he chose.

Upon these facts the circuit court ruled that at the time of the injury Meinski and the plaintiff were fellow-servants engaged in a common employment, and that the plaintiff could not recover for the injury he received therein by and through the negligent and careless directions of Meinski, the foreman, and nonsuited the plaintiff, and he appealed.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*. They cited *Brothers v. Cartter*, 52 Mo. 373; *Woods v. Lindvall*, 48 Fed. Rep. 62; *Cook v. St. P., M. & M. R. Co.* 34 Minn. 45; *Harrison v. D., L. & N. R. Co.* 79 Mich. 409; *Brazil B. C. Co. v. Young*, 117 Ind. 520; *Penn. Co. v. O'Shaughnessy*, 122 id. 588; *Corcoran v. Holbrook*, 59 N. Y. 517; *Louisville, E. & St. L. C. R. Co. v. Hanning*, 131 Ind. 528; *Haley v. Case*, 142 Mass. 316; 1 Shearm. & Redf. Neg. sec. 103; *Gunter v. Graniteville Mfg. Co.* 18 S. C. 262, 44 Am. Rep. 573; Beach, Contrib. Neg. secs. 110, 115; *Brabbits v. C. & N. W. R. Co.* 38 Wis. 289; *Schultz v. C., M. & St. P. R. Co.* 48 id. 375, 381; *Stackman v. C. & N. W. R. Co.* 80 id. 428; *Nall v. L., N. A. & C. R. Co.* 129 Ind. 260.

*D. H. Sumner*, for the respondents, to the point that the plaintiff and the foreman were co-employees, and for an injury through the negligence of the foreman there could be no recovery, cited *Kliegel v. Weisel & V. Mfg. Co.* 84 Wis. 148; *Peffer v. Cutler*, 83 id. 281; *Dwyer v. Am. Exp. Co.* 82 id. 307; *Ewald v. C. & N. W. R. Co.* 70 id. 420; *Toner v. C., M. & St. P. R. Co.* 69 id. 188; *Howland v. M., L. S. & W. R. Co.* 54 id. 226; *Cooper v. M. & P. du C. R. Co.* 23 id. 668; *Moseley v. Chamberlain*, 18 id. 700; *Chamberlain v. M. & M. R. Co.* 7 id. 425; *S. C.* 11 id. 239.

PINNEY, J. At the time the plaintiff received the injury of which he complains, and which he imputes to the negligence and improper direction of the foreman, they were both engaged in adjusting the three planks resting on the brackets of the scaffolding, and the foreman was doing, in connection with the plaintiff, the work of a common laborer. The foreman was not, within the rule established in this state, a vice-principal, but was a mere fellow-servant with the plaintiff of a common master in doing the work in question, and the plaintiff in thus working with him assumed the hazard of the alleged negligence of Meinski. The case of *Howland v. M., L. S. & W. R. Co.* 54 Wis. 226, in which the cases in this state are cited, is decisive against the plaintiff's claim to recover. The entire subject was fully considered in the recent case of *Dwyer v. Am. Exp. Co.* 82 Wis. 307, and in this case, as in that, there is no allegation that Meinski was an incompetent person to perform the duties devolved on him by his employment. If he was an ordinary hired servant of the defendants there can be no pretense that the plaintiff would be entitled to recover. Whether Meinski is to be considered as a vice-principal of the defendants or a co-employee and fellow-servant of the plaintiff depends, not upon his rank or grade, but upon the work then being performed by him. The act of Meinski in question was not one that the law implied a contract duty upon the part of the master to perform, and Meinski's negligence or improper performance of it cannot, therefore, be imputed to the master. The direction was one appropriate for one fellow-servant in a common employment to give another; and, both at the time being engaged in the performance of the same act or piece of work, it cannot be maintained that they were not fellow-servants within the meaning of the rule, each assuming the risk and hazard of the negligence of the other as incident to their common employment. The case of *Dwyer v. Am. Exp. Co.*

82 Wis. 307, is conclusive, and sustains the ruling of the circuit court.    To the same effect is *Kliegel v. Weisel & V. Mfg. Co., ante,* p. 148.

*By the Court.*— The judgment of the circuit court is af-firmed.