ORIN GALLAND v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 24, 1907.

Nos. 15,124—(119).

Action in the district court for Polk county to recover $1,510 for personal injuries. The case was tried before Watts, J., who at the conclusion of the testimony directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*W. E. Rowe* and *C. O. Longley,* for appellant.
*M. L. Countryman,* for respondent.

PER CURIAM.

The appellant was engaged, with other employees of the respondent, in lifting steel rails and placing them upon a flat car, when one of them fell from the car and injured his leg. A number of old rails had been removed from the track and placed in piles upon the right of way. On June 6, 1905, one of the freight trains stopped at one of these piles, and the appellant, with twelve other sectionmen, was directed by their foreman to place the rails upon a flat car. The men stood upon the ground alongside the flat car and lifted the rails from the ground to the car. It required the thirteen men to lift one rail. The foreman took a position between the flat car and an adjoining box car and gave the commands to the men. The work was done rapidly under the instructions of the foreman. As the rails were thrown upon the car they fell in an irregular "criss-cross" manner, and finally one or two of them slid off towards the men. The appellant complained to the foreman that the work was being done in a dangerous manner, but the foreman replied that there was no danger and directed the men to go ahead with the loading. The appellant testified that the foreman's assurance that there was no danger induced him to go on with the work. After some time another rail bounded off and struck the appellant, inflicting injuries to recover damages for which this action was brought.

[1] Reported in 111 N. W. 1133.

The trial court directed a verdict in favor of the defendant, on the ground, apparently, that, although the defendant may have been negligent, the danger was so obvious and apparent that the risk was assumed by the employee. The danger was obvious and apparent, and was constantly increasing. That it was known and appreciated by the appellant is conclusively shown by his own testimony. The foreman had no superior knowledge or opportunity for knowledge as to the danger. The appellant had every opportunity to judge and appreciate the danger. He twice leaped out of the way to escape falling rails. The foreman made no promises, and merely expressed an opinion as to the danger. The appellant was thirty two years of age, and had worked on the section for more than four years, and was as capable of forming an opinion as to the danger and risk as was the foreman. It does not require the citation of authorities to show that the appellant, by continuing the work with full knowledge of the open, obvious, and apparent danger, and with full appreciation thereof, assumed the risk. The order denying the motion for a new trial is therefore affirmed.