McKillop v. Superior Shipbuilding Co. 143 Wis. 454.

McKillop, Appellant, vs. Superior Shipbuilding Company, imp., Respondent.

*October 5—October 25, 1910.*

*Master and servant: Injury caused by negligence of fellow-servant.*

1. The question whether or not employees of a common master are fellow-servants does not depend upon the rank or grade of the negligent servant, but upon the nature or character of the act in the performance of which the injury was incurred.

2. A pile-driver crew and their foreman engaged in the common employment of taking down and removing a pile-driver were fellow-servants so that the employer was not liable for an injury to one of the crew caused by the foreman's negligence in preparing the pile-driver for removal by loosening certain fastenings in such a way that the pile-driver or a part of it was likely to fall, although the injured workman did not know of the insufficiency of the fastenings and was assured by the foreman that there was no danger,—the details of the work being as obvious to him as to the foreman.   *Holloway v. H. W. Johns-Manville Co.* 135 Wis. 629, distinguished.

Appeal from a judgment of the circuit court for Douglas county: A. J. Vinje, Circuit Judge.   *Affirmed.*

This action was brought to recover for personal injuries. The allegations of the complaint so far as material here are: That the defendant *Superior Shipbuilding Company* now is, and that during all of the times hereinafter mentioned it has been, a corporation duly organized and existing under and pursuant to the laws of the state of Wisconsin, with its principal office and place of business in the city of Superior, county and state aforesaid; that, among other things, its business, during all of said times, consisted in building, constructing, overhauling, and repairing ships, sailing vessels, and other water craft; that, in connection with its business, it at all times owned, maintained, operated, and used large shops, factories, and the usual tools and appliances in connection therewith, situate in said city of Superior; that among other appliances, during said times, it owned, maintained, and used and operated what is commonly known as a swing pile-driver in said city and its works, consisting of a foundation, constructed of wood and iron, so constructed as to turn upon a central point or pivot, and of an upright structure of considerable height, in which worked and operated the weight known as the driver, and of two upright bents, each of which consisted of two upright timbers, each about one foot square and about twelve feet high and about eight feet apart, with a cross timber or cap connecting the two upright timbers, each about twelve inches square and eight feet long, which timbers were fastened to said foundation in said upright position, and in connection with and as a part of said swing pile-driver was an engine with which the weight was raised and lowered; that on the 7th day of November, 1908, plaintiff was in the employ of the defendant company for hire as a laborer, being one of the pile-driving crew herein referred to, engaged in the performance of his duties at defendant's works in said city of Superior; that on said date and for a long time immediately prior thereto the defendant William Bennett was in the employ of said defendant company as foreman of the crew

engaged in the work of operating said pile-driver and driving piles with the same, and that said defendant Bennett at all times had full authority over said crew at said place, to whose orders and directions said crew were at all times subject; that on said 7th day of November, 1908, the defendants, through said Bennett and crew, were engaged in taking apart and taking down and removing said swing pile-driver; that on said 7th day of November, 1908, at about half-past 11 o'clock in the forenoon, the defendant Bennett and said crew were engaged in the work of removing from its position one of said two bents; that the other bent was then and there in its position, standing erect upon said foundation, and that the bent which the defendants were then and there removing was, when the plaintiff was ordered by the defendant Bennett to assist in said work, standing erect and in said position, but that the fastenings holding the same in position had been removed preparatory to lowering the same, by means of ropes and appliances, from its position down to the ground; that the defendant Bennett, and before plaintiff was ordered by the foreman to do the work hereinafter described, without any notice to or knowledge on the part of plaintiff of such facts, had also removed the fastenings holding said other bent in position, so that said bent was likely to fall and injure plaintiff or any other employee working near the same unless said bent was or had been securely fastened in said position while said other bent was being lowered, all of which facts were well known to defendant Bennett and none of which were known to the plaintiff, and that the plaintiff did not have any means or knowledge of ascertaining such facts, and that the defendant Bennett did not give him any notice or warning of such conditions; that with said bent securely fastened, then the work of lowering and removing the bent which was being lowered and removed at the time of the accident was safe and free from any danger; that the defendant Bennett, prior to the time plaintiff was ordered to do the work here-

inafter referred to, had looped a rope around the cap or cross-piece of the bent that was not being lowered, and had tied one end of such rope to the foundation of said swing pile-driver, at a point near the bent that was to be lowered, and had fastened the other end of the rope in a similar position on the opposite side of said bent, and that the said defendant had then and there carelessly, negligently, and wrongfully failed to tie or fasten said rope to said cap or cross-piece so as to prevent said bent falling or being moved from its position, and had carelessly, negligently, and wrongfully so looped said rope over said cross-piece or cap or had placed the same in said position in such manner that it would not hold and could not hold said bent in its position, and had carelessly, negligently, and wrongfully left the same standing without any fastening or anything holding the same so as to prevent the same falling, all of which facts were well known to the defendant Bennett and none of which were known to the plaintiff, and that the plaintiff did not have any means of ascertaining such facts; that the defendant Bennett, before calling plaintiff to assist in lowering said bent, had fastened a rope to the cross-piece or cap of the bent to be lowered, and had caused the same to be extended therefrom across the top of the cap or cross-piece of said other bent, and then had passed said rope down and beyond said second bent and fastened the same to the drum of the engine for the purpose of enabling an employee of the defendant company to hold said rope around said drum and to slack it away or loosen it as said bent was being lowered down and away; that said rope as so placed, and as soon as the defendant Bennett started to lower said bent, necessarily would press against the top of the bent not being lowered, and necessarily pressed against the top of said bent and tended to press or push said bent towards the one being lowered; that such pressure would not endanger said bent falling had it been tied with reasonable care in a secure position or had the fastenings not been removed there-

from before attempting to lower said bent, but that in the position and condition in which said bent had been placed and was left by the defendant Bennett the pressure of said rope was sure to cause said bent to fall and injure plaintiff or other employees while engaged in the work hereinafter described, all of which facts were well known to the defendant Bennett and none of which were known to plaintiff, and that plaintiff did not have any means of knowing of the conditions as hereinbefore described, save and except he knew that said rope extended over the top of said bent and would press against the same in the lowering of the bent which was being lowered, but that the plaintiff believed and had every reason to believe that said bent not being removed was securely fastened in the position it occupied; that thereupon the defendant Bennett called plaintiff from other work which he was doing, not connected with the lowering of said bent or the securing of such bent in position, and ordered and directed him to stand at the bottom of the bent being lowered and hold the bottom of one of said upright timbers so as to prevent its slipping from position or back towards said other bent while said bent was being lowered, and that the defendant Bennett thereupon, and after plaintiff had taken said position, proceeded to let out said rope from around said drum by and through an employee and proceeded to lower said bent down and away from said other bent not being lowered; that the plaintiff, just as the said bent was about to be lowered and while he was in said position, was assured by said defendant Bennett that said other bent was securely fastened and that there was no danger of its falling upon said rope being pressed against said cap or top, and that the plaintiff relied upon such assurance and believed the same to be true, and in the due and proper performance of his work turned his back to said bent and faced the bent that was being lowered and engaged in the performance of his duties to which he was assigned; that immediately when said rope pressed against

the top of said cap or said other bent, and solely on account of the fact that it was not securely fastened and was loose, said bent immediately started to fall and did fall towards plaintiff, striking him on the back and back of his neck and head with fearful force and violence, knocking him down and crushing and injuring him as hereinafter described, and that the sole cause of said accident and injuries was the careless, negligent, and wrongful acts and omissions of the defendants as hereinbefore set forth.

After a witness had been sworn and plaintiff was about to proceed with his case, the defendant objected to any evidence under the complaint on the ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action against the defendant *Superior Shipbuilding Company,* which objection was sustained. Thereafter judgment was entered in favor of the defendant *Superior Shipbuilding Company* and against the plaintiff dismissing the complaint, from which judgment this appeal was taken.

The cause was submitted for the appellant on the brief of *Henry C. Wilson* and *Samuel A. Anderson,* and for the respondent on that of *Frank A. Ross.*

KERWIN, J. The question involved upon this appeal is whether the complaint states a cause of action against the defendant *Superior Shipbuilding Company.* This question turns on whether the injuries received by plaintiff were caused by the negligence of a fellow-servant of the plaintiff. We have set out in the statement of facts the material allegations charging negligence and need not repeat them here. From these allegations it appears that the plaintiff and defendant Bennett were engaged in the common employment of removing the pile-driver at the time of the accident, the defendant Bennett being foreman, and plaintiff one of the crew so engaged, and that through the negligence of defendant Bennett a part of the pile-driver fell and injured plaintiff.

True, it is alleged that defendant Bennett negligently prepared the pile-driver for removal by loosening certain fastenings holding the same in position so that said pile-driver or a part thereof was likely to fall, which facts were known to defendant Bennett but were unknown to plaintiff, and that plaintiff had no means of knowledge thereof, and was assured by defendant Bennett that the bent, or part which fell, was securely fastened, whereas it was not, in consequence of which it fell and caused the injury.    The complaint expressly alleged a common employment, namely, that defendant Bennett and his crew, of which plaintiff was one, were at the time of the accident engaged in removing the pile-driver or a bent thereof.    So we cannot escape the conclusion that the negligence of defendant Bennett that caused the injury was the negligence of a fellow-servant of the plaintiff.    The loosening of the fastenings preparatory to taking down the pile-driver was a mere detail of the work in which defendant Bennett and plaintiff were engaged when the accident occurred which caused the injury.    The instant case is quite analogous to *Peschel v. C., M. & St. P. R. Co.* 62 Wis. 338, 21 N. W. 269.    In that case the foreman and plaintiff were engaged with others in building a tank.    Plaintiff was under the supervision of the foreman.    At the time of the accident plaintiff was engaged in the line of his duty in helping to raise the tank.    The hoisting apparatus provided for raising the bents consisted of a windlass, three tackle blocks, two ropes, the tank itself, and an anchor post set in the ground sixty feet distant from the tank, opposite to and in line with the bents.    After the tank had been raised a few feet, the anchor post, which had been sunk in the ground, suddenly pulled out and the bent fell, causing the injury.    The jury found that the foreman was negligent in setting the anchor post, and it was held that such negligence was the negligence of a fellow-servant of plaintiff engaged in a common employment, therefore plaintiff could not recover.    See, also, *Gereg*

*v. Milwaukee G. L. Co.* 128 Wis. 35, 107 N. W. 289. No claim is made in the complaint that defendant failed to furnish suitable and safe machinery and appliances or that defendant Bennett was incompetent. As has often been ruled by this court, whether employees are fellow-servants does not depend upon the rank or grade of the negligent servant, but "upon the nature or character of the act in the performance of which the injury was incurred." *Dwyer v. Am. Exp. Co.* 82 Wis. 307, 52 N. W. 304; *Stutz v. Armour,* 84 Wis. 623, 54 N. W. 1000; *Wiskie v. Montello G. Co.* 111 Wis. 443, 87 N. W. 461; *Okonski v. Pennsylvania & O. F. Co.* 114 Wis. 448, 90 N. W. 429.

The plaintiff relies upon several decisions of this court, and mainly upon *Holloway v. H. W. Johns-Manville Co.* 135 Wis. 629, 116 N. W. 635. It is true that the *Holloway Case* is quite similar in many respects to the case now before us, but we believe it is distinguishable. In that case the boiler was prepared by the night crew. The plaintiff had no connection with the blowing off and preparing of the boiler for cleaning. He came to the spot in the morning to clean the boiler as he was directed to do. Mere outside inspection would not disclose that it was not thoroughly cooled. The superior officer ordered plaintiff to go to work in the boiler at once, assuring him that it had been tested and was cool enough. It is true that in the case before us it is alleged that Bennett assured plaintiff there was no danger, and that plaintiff did not know the danger, but plaintiff was engaged with Bennett in the act of taking down the pile-driver and in position to observe the details of the work, which must have been as obvious to him as to the defendant Bennett. We are also cited to *Rankel v. Buckstaff-Edwards Co.* 138 Wis. 442, 120 N. W. 269; *Grams v. C. Reiss C. Co.* 125 Wis. 1, 102 N. W. 586; *Sparling v. U. S. S. Co.* 136 Wis. 509, 117 N. W. 1055; *Halwas v. Am. G. Co.* 141 Wis. 127, 123 N. W. 789, and some other cases. We shall not discuss these cases, but

simply say that we do not regard them controlling here, or out of harmony with the conclusions reached in the instant case.    The court is of opinion that the complaint does not state a cause of action against the defendant *Superior Shipbuilding Company,* and therefore the judgment of the court below must be affirmed.

*By the Court.*—The judgment below is affirmed.

VINJE, J., took no part.