# FRED BLUME v. GUST BALLIS AND ANOTHER.[1]

May 3, 1940.

No. 32,301.

*Burton R. Sawyer* and *James O. Caulfield,* for appellant.
*Moonan & Moonan,* for respondents.

PETERSON, JUSTICE.

Plaintiff sues to recover damages for personal injuries sustained while in the employment of defendants in connection with remodeling the second floor of a building owned by them in the

[1]Reported in 291 N. W. 906.

city of Faribault, on the ground floor of which they operated a dry-cleaning and shoe repairing business. Plaintiff was hired by defendants to tear out and remove the partitions and floors preparatory to the installation of new ones and the making of alterations by a building contractor. The hiring was on a *per diem* basis, which it was estimated would be about four or five days. The case proceeded as not being within the workmen's compensation act upon the grounds that the employment was casual and presumably not in the regular course of defendants' business.

Plaintiff was injured by the falling of a chimney which was in one of the rooms. He claimed that the chimney was not to be removed; that he was to take out a certain cupboard underneath the chimney; that defendants assured him that the chimney would not fall if the cupboard were removed; that he relied upon the assurance, and that while he was engaged in removing an electric plug in a baseboard about two and one-half feet away from the cupboard defendant Gust Ballis and a helper who was assisting him in attempting to tear out the chimney caused it to fall on him, inflicting very severe bodily injuries.

Defendants claimed that plaintiff was to remove the chimney as part of the work for which he was hired, that no assurance was given that the chimney would not fall if the cupboard underneath were removed, and that plaintiff was injured by his removing the cupboard, thereby causing the chimney to fall upon him.

The walls and the chimney were covered with wallpaper. Plaintiff claimed that he was not able to tell whether the chimney was supported by being built into an adjoining brick wall as many chimneys were in that vicinity or rested entirely on the cupboard. He suggested to defendants that the chimney ought to be braced before the cupboard was removed and claims that he was led to believe that the chimney was supported by the adjoining wall. He testified, however, that he knew the chimney "rested on top of that cupboard."

The details of doing the work were left to plaintiff's judgment and discretion. There was testimony that he was a carpenter, had

worked at the trade off and on for many years, and had had experience in demolishing buildings. Defendants were inexperienced with such matters, except for having had some carpenter work done. Their business was dry cleaning and shoe repairing.

In addition to the general verdict, the jury returned a special verdict answering interrogatories submitted by the court to the effect that defendants ordered the chimney to be removed and gave plaintiff an assurance of safety of the chimney if the support were properly removed; that plaintiff was engaged in tearing down the chimney at the time of the accident; that he was not guilty of contributory negligence; and that he did not assume the risk of dangers incident to such work. By the general verdict plaintiff was awarded the sum of $395 as damages.

Plaintiff moved for a new trial of the issue of damages only and if that were denied a new trial of all the issues upon the grounds, among others, of insufficient damages granted under passion and prejudice. Defendants resisted the motion and made a motion of their own for judgment notwithstanding the verdict upon the grounds, among others, that the evidence did not show any actionable negligence on the part of defendants and that plaintiff's assumption of risk appeared as a matter of law. We shall assume for purposes of decision, as the court below evidently did, that the damages awarded were entirely inadequate. Defendants' motion for judgment *non obstante* was denied. A new trial was denied conditioned upon defendants' assent to an increase of the verdict, which they immediately gave.

Plaintiff contends here that the court erred in increasing the amount of the damages awarded instead of granting a new trial. Defendants contend that a new trial was properly denied for the reason that plaintiff was not entitled to prevail on the merits.

1. Where inadequate damages are awarded the plaintiff cannot prevail on appeal if the record shows no right of recovery. Shearer v. Puent, 166 Minn. 425, 208 N. W. 182. Contributory negligence or assumption of risk appearing from the record as a matter of law presents a situation where plaintiff is not entitled to recover within the rule.

2. The answers to the interrogatories determine what facts were established by the conflicting evidence. A verdict, whether general or special, supported by the conflicting evidence is final on appeal. 3 Am. Jur., Appeal and Error, § 887, p. 443, note 3. The verdict establishes that plaintiff was tearing down the chimney at the time of the accident as claimed by defendants; that the defendants had ordered the chimney to be torn down and that they had given plaintiff an assurance of safety of the chimney if the support was "properly" removed. Plaintiff earnestly urges that there was no evidence to support the special finding that he was tearing down the chimney when the accident happened, but his contention is refuted by the positive testimony of the defendant Gust Ballis and his helper that plaintiff stood on a chair with a crowbar removing the boards of the cupboard, which supported the chimney; that Gust Ballis warned him to be careful; and that, notwithstanding the warning, plaintiff removed the supports from the chimney, causing it to fall and injure him.

3. Where there is doubt in the servant's mind as to the safety of doing certain work he may as a rule rely on an assurance of the master that it is safe for him to do the work upon the supposition that the master has superior knowledge. We shall assume that the defendants assured plaintiff that the chimney would not fall if the cupboard were removed, although he knew it rested on the cupboard. An assurance of safety to the servant by the master is important only insofar as it induces the servant to act in reasonable reliance on the master's judgment as to the safety of doing the work rather than his own. Where the servant does not rely on the master's assurance of safety, the case stands as if no such assurance had been given. Nelson v. St. Paul Plow Works, 57 Minn. 43, 58 N. W. 868; Inland Steel Co. v. Kiessling, 174 Ind. 630, 91 N. E. 1084; 4 Labatt, Master & Servant (2 ed.) § 1370a.

That the chimney would fall if the cupboard underneath on which it rested for support were removed was certain, unless it was supported by the wall. The dangers of unsupported objects

falling are obvious, imminent, and apparent to the ordinary mind. Smith v. Tromanhauser, 63 Minn. 98, 65 N. W. 144; Citrone v. O'Rourke Eng. Const. Co. 188 N. Y. 339, 80 N. E. 1092, 19 L.R.A.(N.S.) 340; McKillop v. Superior Shipbuilding Co. 143 Wis. 454, 127 N. W. 1053; Grayson-McLeod Lbr. Co. v. Carter, 76 Ark. 69, 88 S. W. 597. See Marshall v. C. R. I. & P. Ry. Co. 131 Minn. 392, 155 N. W. 208. A servant assumes the risk of injury from dangers incident to the work which he knows and appreciates. Beier v. Aberdeen Hotel Co. 118 Minn. 237, 136 N. W. 757; Galland v. G. N. Ry. Co. 101 Minn. 540, 111 N. W. 1133; Anderson v. H. C. Akeley Lbr. Co. 47 Minn. 128, 49 N. W. 664; Burke v. Davis, 191 Mass. 20, 76 N. E. 1039, 4 L.R.A.(N.S.) 971, 114 A. S. R. 591. 4 Dunnell, Minn. Dig. (2 ed.) § 5986. Where the servant is directed by his superior to remove the bottom part of a wall or other structure having lateral support, he ordinarily is not guilty of risk or contributory negligence as a matter of law in doing the work as directed. Wolf v. G. N. Ry. Co. 72 Minn. 435, 75 N. W. 702. But here, according to his own story, plaintiff knew that the chimney rested on the cupboard. Unless he relied on an assurance of safety which led him to believe that the chimney had other support contrary to what appeared to him to be the fact, he acted in reliance on his own judgment with full knowledge and appreciation of the dangers incident to removing the cupboard.

The question before us narrows down to a proposition whether or not plaintiff relied on an assurance of safety by defendants in doing the work in which he was engaged at the time of the accident. On the one hand the special verdict establishes that plaintiff was not injured while removing the electric plug from the baseboard. The only reliance on an assurance of safety by defendants claimed by plaintiff related to such work. If the fact were as claimed by plaintiff, defendants would be liable for negligently rendering the place where plaintiff was required to work unsafe after he had entered upon the work under the rule of the case of Barrett v. Reardon, 95 Minn. 425, 104 N. W. 309,

and similar cases collected in the notes to 4 Dunnell, Minn. Dig. (2 ed.) § 5880.

On the other hand, the special verdict establishes that plaintiff was injured while tearing down the chimney pursuant to defendants' order under an assurance of safety. There is no evidence that plaintiff relied on the assurance of safety in tearing down the chimney. Defendants deny giving any assurance of safety. Plaintiff claims that the only work he did in reliance on the assurance was tearing the electric plug out of the baseboard. He does not claim that he tore down the chimney acting in reliance on such an assurance. Since he denies that he was tearing down the chimney when the accident occurred, he inferentially at least does not claim that he relied on an assurance of safety in doing such work. Neither plaintiff's nor defendants' evidence shows that the reliance, if any, extended to plaintiff's work in tearing down the chimney. Hence the assurance of safety was immaterial.

The absence of any evidence that plaintiff relied on any assurance of safety by defendants in removing the cupboard underneath the chimney necessitates a finding of assumption of risk as a matter of law and precludes any right of recovery. Such reliance is not implicit in the verdict negativing contributory negligence and assumption of risk in tearing down the chimney for the reason that reliance on the assurance was the subject of proof and the showing was explicit that plaintiff's reliance was confined to the work on the baseboard and did not extend to tearing down the chimney. Where the evidence negatives a finding, it cannot be implied. In that view plaintiff was not entitled to recover and is not entitled to a new trial.

Affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.